Nicholas J. Pinto
233 Broadway, Suite 2707
New York, NY 10279
(212) 619-5500
Attorney for Plaintiff
(NP 1212)

# CV 12 - 2638



SUMMONS ISSUED

KUNTZ, J.

MANN. M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————x

DANIELLE McGIBBON,                        :

        Plaintiff,                        :

        v.                        :      **COMPLAINT
AND DEMAND FOR
JURY TRIAL**

NEW YORK CITY, and
ALEXANDER KOLOGIROS,                        :
BRIAN DAVIS, and SERGEANT
LEUDESDORFF, police officers for the
City of New York, individually and as        :
police officers for the City of
New York,                        :

                                :

        Defendants.

———————————————————x

## INTRODUCTION

1. This is an action for damages for the wrongful acts of defendants NEW YORK CITY, and

New York City Police Officers ALEXANDER KOLOGIROS, BRIAN DAVIS, and SERGEANT

LEUDESDORFF of the New York Police Department, all acting under color of state law and

pursuant to their authority, in violation of plaintiff's rights under the Constitution and laws of the

1

United States and the State of New York.

2. Plaintiff alleges that beginning on or about July 11, 2010, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting and imprisoning her, maliciously prosecuting her, and violating her Federal and New York State civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C. Section 1983 in conjunction with the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's pendant jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action, pursuant to 28 U.S.C. 1367.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the actions complained of occurred in the Eastern District of New York.

## TRIAL BY JURY

7. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

8. At all times relevant hereto, plaintiff DANIELLE McGIBBON is and was a resident of Queens County, New York.

9. At all times relevant hereto, defendant NEW YORK CITY was and is a municipality

2

of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

10.    Defendant ALEXANDER KOLOGIROS is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

11.    Defendant BRIAN DAVIS is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

12.    SERGEANT LEUDESDORFF is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

13.    At all times relevant hereto and in all their actions described herein, defendants KOLOGIROS, DAVIS, and LEUDESDORFF, were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

14.    The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of plaintiff.

## NOTICE OF CLAIM

15.    On May 25, 2011, plaintiff's Notice of Claim was filed with the Comptroller's Office of the City of New York. More than thirty days have elapsed since the filing of the Notice of Claim

3

and this matter has not been settled or otherwise disposed of.

16.    The City of New York has failed to schedule a hearing pursuant to New York State General Municipal Law 50-H.

## FACTUAL BACKGROUND

17.    On or about July 11, 2010, plaintiff was outside her home in Jamaica, NY, when she noticed a number of NYPD officers with their guns drawn on her brother David McGibbon. Plaintiff pleaded with the officers not to shoot her brother. David McGibbon was subsequently handcuffed and arrested by the officers. After being handcuffed behind his back, David McGibbon was struck in the face by one of the officers. Plaintiff approached the officers to ascertain what was going on. Defendant KOLOGIROS grabbed plaintiff and threw her to the ground, lay on top of her, then restrained her hands while she was on the ground. Plaintiff was subsequently arrested by defendants KOLOGIROS, DAVIS and LEUDESDORFF.

18.    Plaintiff was handcuffed and transported to the 113th Precinct where she was fingerprinted and detained in a cell. Plaintiff was then transported to central booking, and finally to Criminal Court of the City of New York, Queens County, and arraigned, on a felony complaint, docket number 2010QN041618, charging her with having assaulted defendant KOLOGIROS. Plaintiff was charged with assault in the second degree and related crimes, and was released on her own recognizance.

19.    On or about February 18, 2011, the District Attorney of Queens County presented this matter against plaintiff, Grand Jury Case Number 422/2011, to a Grand Jury sitting in Queens County.

20.    On or about February 18, 2011, defendant KOLGIROS testified before this grand

4

jury.

21.     On February 23, 2011, plaintiff testified before this Grand Jury.

22.     On February, 23, 2011, the Grand Jury hearing Grand Jury Case Number 422/2011 voted no true bill and dismissed the case against plaintiff.

23.     The arrest, charge, and imprisonment of plaintiff were the direct results of misconduct by defendants ALEXANDER KOLOGIROS, BRIAN DAVIS and SERGEANT LEUDESDORFF.

24.     At no time did plaintiff commit any acts, or engage in conduct, which in any way justified the actions of the defendants.

25.     Defendant NEW YORK CITY knew of defendant ALEXANDER KOLOGIROS' tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

26.     Defendant NEW YORK CITY knew of defendant BRIAN DAVIS' tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

27.     Defendant NEW YORK CITY knew of defendant SERGEANT LEUDESDORFF'S tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

28.     As a direct and proximate result of the defendants' actions, plaintiff was falsely and illegally imprisoned for approximately 1 day.

29.     As a direct and proximate result of the defendants' actions, plaintiff suffered and continues to suffer mental anguish and psychological damage.

30.     As a direct and proximate result of the defendants' actions, plaintiff suffered physical

5

injury.

31.     As a direct and proximate result of the defendants' actions, plaintiff incurred substantial expenses related to his legal defense to the criminal charges against him.

32.     As a direct and proximate result of the defendants' actions, plaintiff was laid off and subsequently lost her job and substantial earnings.

33.     As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

34.     Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of individuals, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

35.     Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of individuals, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

36.     Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to properly investigate the background, beliefs and attitudes of prospective police officers in order to ensure it hires only police officers that respect and honor the constitutional rights of individuals, thereby causing police, including the defendants in this case, to engage in the unlawful conduct described above.

### COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendants KOLOGIROS, DAVIS and LEUDESDORFF)

37.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-36 of this complaint, as though fully set forth herein.

38.    The acts, omissions and conduct of the defendants KOLOGIROS, DAVIS and LEUDESDORFF, all members of the New York City Police Department, and both acting under color of state law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to be free from false arrest, false imprisonment, excessive force, and malicious prosecution, and to due process.

39.    By these acts, omissions and conduct, these individual defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which the defendants are individually liable.

## COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant New York City)

40.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-39 of this complaint, as though fully set forth herein.

41.    The acts, omissions and conduct of defendant NEW YORK CITY, as set forth above, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights: to be secure in her person and property; to be free from unlawful seizure, false imprisonment, excessive force, and malicious prosecution; and to due process.

42.    By these acts, omissions and conduct, defendant NEW YORK CITY has deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States

7

Constitution, in violation of 42 U.S.C. Section 1983.

### COUNT THREE: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Defendants KOLOGIROS, DAVIS and LEUDESDORFF)

43.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-42 of this complaint as though fully set forth herein.

44.  The defendants KOLOGIROS, DAVIS and LEUDESDORFF conspired to violate plaintiff's civil rights by agreeing between themselves to falsely charge her with crimes as described above, in violation of 42 U.S.C. 1983, for which defendants are individually liable.

### COUNT FOUR: FALSE ARREST
### (Defendants KOLOGIROS, DAVIS and LEUDESDORFF)

45.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-44 of this complaint, as though fully set forth herein.

46.    The acts, omissions and conduct of defendants KOLOGIROS, DAVIS and LEUDESDORFF, as alleged above, constitute false arrest under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT FIVE: FALSE IMPRISONMENT
### (Defendants KOLOGIROS, DAVIS and LEUDESDORFF)

47.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-46 of this complaint, as though fully set forth herein.

48.    The acts, omissions and conduct of defendants KOLOGIROS, DAVIS and LEUDESDORFF, as alleged above, constitute false imprisonment under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT SIX: MALICIOUS PROSECUTION
### (Defendants KOLOGIROS, DAVIS and LEUDESDORFF)

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-48 of this complaint, as though fully set forth herein.

50.    The acts, omissions and conduct of defendants KOLOGIROS, DAVIS and LEUDESDORFF, as alleged above, constitute malicious prosecution under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

## COUNT SIX: RESPONDEAT SUPERIOR LIABILITY
### (Defendant New York City)

51.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-50 of this complaint, as though fully set forth herein.

52.    At all times pertinent hereto, defendants KOLOGIROS, DAVIS and LEUDESDORFF were acting within the scope of their employment as officers of the New York City Police Department.

53. Defendant NEW YORK CITY, through its agents, expressly authorized the individual defendants KOLOGIROS, DAVIS and LEUDESDORFF to violate plaintiff's constitutional rights, as described above; knew, through its agents, that the defendant officers had a propensity for committing such illegal acts in the line of duty, and acquiesced in the defendants' wrongful conduct.

54. Defendant NEW YORK CITY is thus liable under the doctrine of respondeat superior, for the intentional torts of defendants KOLOGIROS, DAVIS and LEUDESDORFF, committed within the scope of their employment.

## COUNT SEVEN: NEGLIGENCE
### (Defendants KOLOGIROS, DAVIS and LEUDESDORFF)

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-54 of this complaint, as though fully set forth herein.

9

56. The defendants KOLOGIROS, DAVIS and LEUDESDORFF, while acting as agents and employees for New York City, owed a duty to plaintiff to perform their duties without violating plaintiff's constitutional rights. Defendants' illegal stop, arrest and detention of plaintiff constitutes negligence for which these defendants are individually liable.

### COUNT EIGHT: NEGLIGENCE
### (Defendant New York City)

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-56 of this complaint, as though fully set forth herein.

58. Defendant NEW YORK CITY owed a duty to plaintiff to adequately screen prospective police officers, and to train, supervise and otherwise control its police officers in the use of their powers incidental to their employment. Defendant NEW YORK CITY failed to provide adequate screening, training, supervision, and control of the individual defendants, which failure constitutes negligence.

**WHEREFORE,** Plaintiff requests the following relief:

a.     Compensatory damages in the amount of ONE MILLION (1,000,000) DOLLARS.

b.     Punitive damages in the amount of ONE MILLION (1,000,000) DOLLARS.

c.     Reasonable attorneys fees and costs; and

d.     Such other and further relief as appears reasonable and just.

DATED: New York, New York
May 23, 2012

Nicholas J. Pinto (NP1212)
Attorney for Plaintiff
*Danielle McGibbon*
233 Broadway, Suite 2707
New York, NY 10279
212-619-5500